John G. Scherf, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

George H. Barnes and Ada E. Barnes, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 2703, 2780. Promulgated July 11, 1946.

*W. H. Albritton, Esq.*, and *R. B. Albritton, Esq.*, for the petitioners.
*F. L. Van Haaften, Esq.*, for the respondent.

OPINION.

TYSON, *Judge*: The sole issue presented is whether all of the 1940 net income of the S & B Manufacturing Co. is taxable to petitioners John G. Scherf and George H. Barnes, as partners each having a one-half interest in the business, or whether the partnership formed by them and Paul W. Scherf, John G. Scherf, Jr., Mildred E. Barnes, and Ruth E. Barnes on May 16, 1940, should be recognized so that, with respect to so much of the 1940 net income as is allocable to the period May 16 to December 31, 1940, the petitioners are each taxable only on one-sixth thereof.

In cases like the present one we are not concerned with whether the Scherf and Barnes children were the legal owners under the laws of Alabama of a one-sixth interest each in the capital of the business, for the issue for Federal income tax purposes is, Who earned the income? The answer to that question depends upon whether the petitioners and their children really intended to carry on business as a partnership. *Commissioner* v. *Tower*, 327 U. S. 280. Where a husband and his wife, or a husband and his wife and children, have entered into a partnership arrangement and it appears from the facts that the wife and children made no investment of capital originating with them, that they have no voice in the management or control of the business, and that they contribute no vital services, those circumstances will justify this Court in concluding that a real

partnership between them and the husband and father does not exist in so far as the Federal income tax law is concerned. *Commissioner v. Tower, supra; Lusthaus* v. *Commissioner*, 327 U. S. 293; *Ed. Dubinsky Durwood*, 6 T. C. 682; *Floyd D. Akers*, 6 T. C. 693; *Abe Schreiber*, 6 T. C. 707; *Lewis Coleman Benson*, 6 T. C. 748; *John Lang*, 7 T. C. 6; and *W. A. Belcher*, 7 T. C. 182.

The evidence shows quite plainly that the children contributed no capital originating with them and contributed nothing to the management or control of the business. Their investment in the business was the one-sixth undivided interest in the assets which they each received from their respective fathers by way of gift contemporaneously with the formation of the partnership. The partnership agreement excluded the children from any voice in the management of the business. It provided that Scherf and Barnes should be managing partners and the children should be investing partners, and it gave Scherf complete control of the office and financial matters, while it placed Barnes in charge of all things pertaining to the manufacture of goods and the operation of the factories; and Scherf and Barnes testified that, in the separate spheres thus allotted to them, they exercised the powers of management exclusively. Nor does the evidence disclose any services by the children which can be said to be "vital" to the business. John G. Scherf, Jr., and the Barnes girls were inexperienced minors and devoted a small part of their time to the performance for the S & B Manufacturing Co. of simple clerical service. Paul W. Scherf received a substantial salary from the Alabama Textile Products Co. in 1940, and what little time he devoted to the S & B Manufacturing Co. was utilized in learning about the business. In our opinion he was not an active partner in 1940. His services were negligible in so far as they tended to produce income. It is true that he became more active in 1941 and later years, but the evidence indicates that those activities were along the line of welfare work among the employees. As to all four children, we think their services contributed little, if anything, to the earning of the income.

We conclude that in 1940 there was no real partnership between the petitioners and their children for Federal income tax purposes, and, upon the authority of the cases cited above, we hold that the respondent did not err in taxing the petitioners on their respective one-half shares in the net income of the S & B Manufacturing Co.

*Decision will be entered for the respondent.*